UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:19-CR-183-TAV-DCP |
| V. | ) ) | |
| JUSTIN E. DOTSON, MICHAEL B. HENRY, and WILLIAM S. ROBERTS, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the Court on January 3, 2020, for a pretrial conference and motion hearing on Defendant Dotson's Motion to Continue Trial and All Other Deadlines [Doc. 36], filed on December 5, 2019. Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Attorney Forrest L. Wallace represented Defendant Justin Dotson. Attorney Scott L. Saidak represented Defendant Michael Henry. Attorney Donny M. Young represented Defendant William Roberts. All three Defendants were also present.

In his motion, Defendant Dotson asks the Court to continue the January 14, 2020 trial date and all other deadlines in the case to give defense counsel time to prepare for trial. The motion relates that due to defense counsel's heavy caseload, counsel needs additional time to complete his investigation in this case. The motion states that given defense counsel's busy legal practice and the amount of investigation remaining in this case, the failure to grant a continuance would deny

1

defense counsel a reasonable time for effective preparation, even considering the exercise of due diligence. The motion relates that the Government does not object to the requested continuance.

At the motion hearing, Mr. Wallace stated that, although the discovery in this case is not voluminous, he needs additional time to research the Defendant's complicated criminal history and its impact on a potential resolution of this case. He stated that he had discussed the motion with the Defendant, who agrees with the need for a trial continuance. Mr. Saidak and Mr. Young stated that their clients take no position on the motion, although they did not oppose it. AUSA Kirk confirmed that the Government does not oppose a continuance. The parties agreed on a new trial date of June 23, 2020.

The Court finds Defendant Dotson's motion [Doc. 36] for a trial continuance to be unopposed and well taken. It also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Counsel for Defendant Dotson needs additional time to research the Defendant's criminal history and to investigate the case. Defense counsel's recent criminal caseload has limited his time to work on this case. Accordingly, the Court finds that the failure to grant a trial continuance case would unreasonably deprive Defendant Dotson of the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court has granted a new motion deadline of February 10, 2020, and set a motion hearing on March 10, 2020. Thus, the Court finds that the filing and litigation of pretrial motions in this case could reasonably take until April 2020, or longer for dispositive motions. Based upon the representations of Mr. Wallace, the Court also finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial, despite his use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Dotson's motion [**Doc. 36**] to continue the trial is **GRANTED,** and the trial is reset to **June 23, 2020**. The Court finds that all the time between the filing of the motion to continue on **December 5, 2019**, and the new trial date of **June 23, 2020**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling, the Court set a new motion deadline of **February 10, 2020**. Responses to motions are due on or before **February 24, 2020**. The parties are to appear before the undersigned for a motion hearing on **March 10, 2020, at 10:00 a.m.** The deadline for concluding plea negotiations is extended to **May 26, 2020.** This date is also the deadline for providing reciprocal discovery. If the parties desire a final pretrial conference, they must contact Chambers to schedule one at least three weeks before trial. All motions *in limine* must be filed no later than **June 8, 2020**. Requests for special jury instructions must be filed on or before **June 12, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

>(1) Defendant Dotson's Motion to Continue Trial and All Other Deadlines [**Doc. 36**] is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **June 23, 2020**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Judge;
>
>(3) All time between the filing of the Defendant's motion on **December 5, 2019,** and the new trial date of **June 23, 2020**, is fully excludable time for speedy trial purposes as set forth above;
>
>(4) The deadline for filing pretrial motions is extended to **February 10, 2020**;
>
>(5) Responses to motions are due on or before **February 24, 2020**;
>
>(6) The parties are to appear before the undersigned for a motion hearing on **March 10, 2020, at 10:00 a.m.**;

(7)  The deadline for concluding plea negotiations is extended to **May 26, 2020**.  This date is also the deadline for providing reciprocal discovery;

(8)  Motions *in limine* must be filed no later than **June 8, 2020**; and

(9)  Requests for special jury instructions with appropriate citations shall be filed by **June 12, 2020**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge